**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brandon Jewel Lee, Appellant.

Appellate Case No. 2018-001440

Appeal from Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2021-UP-302
Heard March 2, 2021 – Filed August 18, 2021

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor John William Weeks of
Aiken, for Respondent.

**PER CURIAM:** Appellant Brandon Jewel Lee seeks review of his convictions for
first-degree burglary and unlawful possession of a prescription drug without a

prescription. Lee argues the circuit court erred by instructing the jurors that their role was to determine the true facts in the case because the instruction diverted the jurors from their obligation to determine whether the State proved guilt beyond a reasonable doubt. We affirm.

"[J]ury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions [that] may be misleading do not constitute reversible error." *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000). "The standard for review of an ambiguous jury instruction is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)). In resolving this question, we agree with the State that the context surrounding the challenged language is critical.

In the present case, during jury instructions, the circuit court stated, in pertinent part:

> To these two indictments the defendant has pled not guilty and that puts the burden on the State of South Carolina to prove the defendant's guilt to you beyond a reasonable doubt. A person charged with committing a criminal offense is never required to prove himself innocent. I charge you that it is an important constitutional rule of law that a defendant in a criminal trial, no matter how serious crimes [may] be, will always be presumed to be innocent of the crime for which the indictment was issued unless guilt is proven to you beyond a reasonable doubt based on evidence satisfying you of that guilt beyond a reasonable doubt.
>
> Presumption of innocence does not end when you start your deliberations, but it stays with the defendant throughout the trial until you reach a verdict of guilt based on evidence satisfying you of that guilt beyond a reasonable doubt. The phrase is not a mere legal theory, it's not a legal phrase. It is a substantial constitutional right to which every defendant is entitled unless you the jury are satisfied from the evidence of the defendant's guilt beyond a reasonable doubt.

Our appellate courts have defined the term reasonable doubt sort of two ways. Sometimes they say a reasonable doubt is the kind of doubt that would cause a reasonable person to hesitate to act. It's the kind of doubt that would cause a reasonable person to hesitate to act. It's also described this way: The State has the burden of proving a defendant guilty beyond a reasonable doubt. Sometimes we illustrate it[:] if we were trying a wreck case or civil case, the parties come in on equal footing as far as the evidence goes[,] and for a person to prove his case, he has to prove it by what we call the preponderance or the greater weight of the evidence in the civil case and tip the scales ever so slightly in his favor. If he's able to do that, he's entitled to a verdict.

In a criminal case, because of the presumption of innocence, when the parties come into court, the scales of justice are tipped way in favor of the defendant. He is presumed to be innocent. And for the State to prove him guilty beyond a reasonable doubt, the scales have to tip in this manner.

So the burden is greater in a criminal case than it is in a civil case. It's beyond a reasonable doubt as opposed to the preponderance or the greater weight of the evidence. Our courts have said proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Obviously, there are very few things in the world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every possible doubt. If based on your consideration of the evidence[,] you are firmly convinced that the defendant is guilty of the crimes charge[d], you must find him guilty. If, on the other hand, you think there's a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

As I told you when we selected you to serve[,] there are two judges [who] try every case. *I'm the trial judge, the judge of the law; you're the judges of the facts. My role is*

*to rule on the admissibility of the evidence and to instruct you on the law. Your role is to determine what the true facts are in the case and to determine whether or not the State has proven its case to you beyond a reasonable doubt.* So please don't infer from anything I have said, done, frowned, smiled, raised my eyebrows, yawned, stretched, whatever, that I have any opinion about the facts. I cannot. That is your sole duty. *You're the sol[e] finders of the facts and you determine what the true facts are in the case and whether or not the State has proven the case to you beyond a reasonable doubt.*

Now, if you do that, obviously, you have to determine the credibility or the believability of the witnesses. It's not what I think, it's not what the defense lawyer thinks is telling the truth, or the State, prosecutor who's telling the truth, it is your sole duty as the judges of the facts to determine the credibility of the witnesses who have testified in this case.

(emphases added). Additionally, while instructing the jury on the elements of the offenses with which Lee was charged, the circuit court admonished the jury that the State was required to prove each element of those offenses beyond a reasonable doubt.

At the conclusion of jury instructions, the circuit court added the following:

The verdict has to be unanimous. All twelve of you must agree as to each one, the drugs and the burglary. Obviously, you're not back there to punish any enemy or reward any friends, you're back there to carefully deliberate what has been presented to you. *You determine what the true facts were from the testimony* and not what the lawyers argued or what I've said or anything else, but *what you determine the true facts to be from the witnesses. Take the true facts, apply it to the law of burglary, and the drug case, and decide whether or not the State has met that burden of proving him guilty beyond a reasonable doubt.*

(emphases added).

After the conclusion of the jury instructions, Lee objected to the circuit court's reference to determining the true facts. The circuit court overruled the objection:

> [Counsel]: Your honor, [*State v. Beaty*[1]] says that judges should [omit] the use of the phrase true facts.
>
> THE COURT: Well, I understand that, but their job is to determine the credibility of the witnesses, determine what the true facts are, but I added once they do that then based on that they have to determine whether or not the State has proven the case to them beyond a reasonable doubt, so I - - I cured that and I stand by my charge. Thank you.

As set forth above, the circuit court's first two references to "the true facts" did not appear until after the circuit court completed a thorough instruction on the State's burden of proof, and the references were logically placed within the instruction on the jury's role as the finders of fact, immediately before the instruction on witness credibility. The circuit court followed up the "true facts" comments with reminders to determine whether the State had proven its case beyond a reasonable doubt. Likewise, the "true facts" references at the conclusion of jury instructions were coupled with a reminder of the State's burden, which the circuit court had already thoroughly explained at the beginning of the jury instructions.

We find the circuit court's jury instructions as a whole to be comparable to the instructions given in *Aleksey*, in which our supreme court concluded that the instructions as a whole "properly conveyed the law to the jury." 343 S.C. at 29, 538 S.E.2d at 253. In *Aleksey*, the supreme court recounted the circuit court's instructions as follows:

> The [circuit] court gave a lengthy, complete, and proper instruction on reasonable doubt, the presumption of innocence, and the State's burden of proof. Next, the judge instructed the jury concerning its role as finder of facts. In concluding his remarks on determining the credibility of witnesses, the judge stated:

---

[1] 423 S.C. 26, 34, 813 S.E.2d 502, 506 (2018).

Obviously you do not determine the truth or falsity of a matter by counting up the number of witnesses who may have testified on one side or the other.

Ladies and gentlemen, throughout this entire process, you have but one single objective, and that is to seek the truth, to seek the truth regardless of from what source that truth may be derived.

Now, all of these things, ladies and gentlemen, you will consider, *bearing in mind that you must give the defendant the benefit of every reasonable doubt*.

*Id.* at 26, 538 S.E.2d at 251 (emphasis added). The court further explained:

The [circuit] court's instructions concerning seeking the truth were given in the context of the jury's role in determining the credibility of witnesses.[2] The remarks were prefaced by a full instruction on reasonable doubt *and followed by an additional exhortation to bear in mind the State's heavy burden of proof*. Under the standards articulated in [*State v.* ]*Smith*[3] and *Boyde*[ *v. California*4], the instruction as a whole properly conveyed

---

[2] Lee argues the present case is distinguishable from *Aleksey* because the challenged language in *Aleksey* was in the instruction on the jury's role in determining witness credibility and here, the challenged language was in the instruction on the jury's role as the finders of fact. However, we view the jury's role in determining witness credibility as a subset of the jury's role as the finders of fact. Therefore, this is a distinction without a difference.

[3] 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994) (holding that jury instructions "should be considered as a whole, and if as a whole they are free from error, any isolated portions [that] may be misleading do not constitute reversible error").

[4] 494 U.S. 370, 380 (1990) (holding that when a jury instruction is ambiguous "and therefore subject to an erroneous interpretation," the standard of review "is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence").

the law to the jury and there is not a reasonable likelihood the jury applied the judge's instructions to convict appellant on less than proof beyond a reasonable doubt.

*Id.* at 29, 538 S.E.2d at 252–53 (emphasis added). Notably, the court declined to hold that any mention of "the truth" in jury instructions is unconstitutional. *Id.* at 29 n.2, 538 S.E.2d at 253 n.2.

In *State v. Beaty*, the defendant challenged the use of the phrases "search for the truth," "true facts," and "just verdict" in the circuit court's preliminary remarks to the jury at the trial's commencement. 423 S.C. at 32–34, 813 S.E.2d at 505–06. Our supreme court distinguished the case from *Aleksey* on this basis, stating, "In *Aleksey*, we found there was no reversible error because the 'seek the truth' language was charged in conjunction with the credibility of witnesses charge[] and *not with either the reasonable doubt or circumstantial evidence charges*." 423 S.C. at 33, 813 S.E.2d at 506 (emphasis added). The court noted that in the case before it, the comments "were a mere statement to the jury and not a charge on the law." *Id.* at 34, 813 S.E.2d at 506. The court also noted that the comments were not linked to either the reasonable doubt or the circumstantial evidence charges. *Id.* Nonetheless, the court expressed concern over the continued use of such comments:

However, we agree with Appellant that a trial judge should refrain from informing the jury, whether through comments or through a charge on the law, that its role is to search for the truth, or to find the true facts, or to render a just verdict. These phrases could be understood to place an obligation on the jury, independent of the burden of proof, to determine the circumstances surrounding the alleged crime and from those facts alone render the verdict the jury believes best serves its perception of justice. We instruct trial judges to avoid these terms and *any others that may divert the jury from its obligation in a criminal case to determine whether the State has proven the defendant's guilt beyond a reasonable doubt*.

*Id.* (emphasis added) (footnote omitted); *see also State v. Needs*, 333 S.C. 134, 155, 508 S.E.2d 857, 867–68 (1998) (advising circuit courts to avoid, *inter alia*, "in search of truth" language in the definition of reasonable doubt because it "runs the risk of unconstitutionally shifting the burden of proof to a defendant"), *modified on other grounds by State v. Cherry*, 361 S.C. 588, 606 S.E.2d 475 (2004); *cf. State v. Daniels*,

401 S.C. 251, 256, 737 S.E.2d 473, 475 (2012) (admonishing the circuit court to remove from its jury instructions "any suggestion . . . that a criminal jury's duty is to return a verdict that is 'just' or 'fair' to all parties" because "[s]uch a charge could effectively alter the jury's perception of the burden of proof, substituting justice and fairness for the presumption of innocence and the State's burden to prove the defendant's guilt beyond a reasonable doubt").

In the present case, considering the challenged language within its context, we see no reasonable likelihood that this language diverted the jury from its obligation to determine whether the State proved guilt beyond a reasonable doubt.  In other words, applying the standard of review to the present case, the circuit court's jury instructions as a whole were proper.  *See Aleksey*, 343 S.C. at 27, 538 S.E.2d at 251 (setting forth the standard of review for an ambiguous jury instruction, i.e., "whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution"); *id.* (holding that an appellate court should consider jury instructions as a whole).  The circuit court had already given a complete instruction on the State's burden, including an accurate definition of reasonable doubt,[5] when it referenced the "true facts" within the specific instruction on the jury's role as the finders of fact and at the conclusion of the jury instructions as a whole.

The disputed language was immediately followed by a reminder of the State's burden of proof, which our supreme court found to be helpful in *Aleksey*.  343 S.C. at 29, 538 S.E.2d at 252–53 ("The remarks were prefaced by a full instruction on reasonable doubt and followed by an additional exhortation to bear in mind the State's heavy burden of proof. . . .  [T]he instruction as a whole properly conveyed the law to the jury[,] and there is not a reasonable likelihood the jury applied the judge's instructions to convict [the defendant] on less than proof beyond a reasonable doubt."); *cf. State v. Pradubsri*, 420 S.C. 629, 640–41, 803 S.E.2d 724, 730 (Ct. App. 2017) (holding that the circuit court's truth-seeking language in its jury instruction did not constitute reversible error because the instruction as a whole included at least twenty references to the State's burden of proof).  Additionally, while instructing the jury on the elements of the offenses with which Lee was charged, the circuit court admonished the jury that the State was required to prove each element of those offenses beyond a reasonable doubt.

---

[5] The circuit court defined reasonable doubt as "the kind of doubt that would cause a reasonable person to hesitate to act."  Our supreme court has noted that this instruction is a correct statement of South Carolina law.  *State v. Jones*, 343 S.C. 562, 578, 541 S.E.2d 813, 821 (2001).

Based on the foregoing, there is no reasonable likelihood that the jury applied the "true facts" language in a way that violates the Constitution. Accordingly, Lee's convictions are

**AFFIRMED.**

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**